Blackfokd, J.
Joseph Griffith and Elizabeth his wife petitioned the Circuit Court for a writ of habeas corpus directed to Ealton, requiring him to bring before the Court the body of a certain child aged fifteen months, and show the cause of its detention. The petition stated that said Elizabeth was the mother of the child, and that, since its birth, she had married the said Joseph Griffith.
A writ of habeas corpus was accordingly issued.
The defendant made the following return to the writ: 1, That the said Elizabeth being unmarried, and alleging the .defendant to be the father of the child, gave it to him -to keep, &c.; 2, That the Probate Court, the child being illegitimate, and its mother the said Elizabeth being unmarried, appointed the defendant guardian of the child, &c.
Plea to the first cause of detention, that the said Elizabeth was the mother of the child; that since its birth she had married Griffith; and that she had never abandoned the child, &e. *384 Plea to the second cause of detention, that the said Elizabeth, the mother of the .child, had no notice of the application for the appointment of the defendant as guardian of the child, &c,
C. P. Plester, for the plaintiff.
S. B. Gookins, for the State.
There are several other pleas which it is not necessary to notice.
Demurrers to the pleas; demurrers overruled, and judgment for a return of the child to the mother, &c.
The first .part of the return to the writ is insufficient. The mother of an infant illegitimate child is its natural guardian, and has a right to its custody. Ex parte Ann Knee, 1 New R., 148; Wright v. Wright, 2 Mass., 109; The People v. Landt, 2 Johns. R., 375. The gift of the child to the defendant by its mother and natural guardian, as mentioned in the return, did not deprive her before her marriage with Griffith, nor did it deprive her and her husband after their marriage, of the right to the custody of the child during its infancy. The plea to the second cause of detention is valid. The mother, being the natural guardian of the child, could not be deprived of that guardianship by the appointment of another guardian, of the application for which appointment she had no notice.
*Per Curiam.—The judgment is affirmed, with costs.