SPEER *v.* DAVIS.

HABEAS CORPUS.—*Appeal.*—An appeal will lie to the Supreme Court from an interlocutory order or judgment upon a writ of *habeas corpus*.

SAME.—*Return.*—*Custody.*—*Demand.*—Where, by the return to a writ of *habeas corpus* for a child, it appeared that the petitioner had left the child in the custody of the respondent;

*Held*, that a demand for the custody of the child was necessary, before legal proceedings could be instituted; and they could be instituted then, only if the respondent, having the power to do so, had refused to restore the child.

SAME.—*Practice.—Trial of Issue.*—An issue of fact may be formed upon the return by a denial of its averments, and a trial thereof may be had.

APPEAL from the Franklin Common Pleas.

DOWNEY, J.—The appellee filed his petition on the 7th day of March, 1871, alleging that he was the father of Hettie A. Davis, and, as such, entitled to her custody; that she was of the age of seven years, and in the custody of the appellant, at the county of Franklin, in the State of Indiana, without right, and was unjustly and illegally restrained of her liberty, and unlawfully detained from the custody of petioner, against his will and without his consent; that the pretended cause of such restraint was, that seven years previously, when said Hettie was an infant, the petitioner gave the custody and control of said Hettie to the appellant; that in a former proceeding in said court, by the petitioner against Elizabeth, the appellant, the custody of said Hettie was awarded to him; that he took possession of said Hettie for a time, when said Elizabeth wrongfully, and against his will, obtained possession of her, and has ever since retained the possession and control of her, illegally, and without his consent. Prayer for the writ of *habeas corpus*, etc.

The court awarded the writ, returnable at 9 o'clock, A. M., of the second day thereafter.

On that day the appellant was called and failed to appear. The court, being satisfied from the sheriff's return that the writ had been duly served, awarded an attachment. On a subsequent day of the term, the appellant appeared and made return to the writ, in which she stated that the said Hettie A. Davis was not, at the time the writ was served, in her power, custody, and control, nor had she since been; that she was, by permission of the defendant, at that time, and for some time previous, in the State of Ohio; that before she went to Ohio, she was in the custody and control of the defendant, not by restraint, but by her own voluntary act;

that the petitioner, his wife consenting and advising, gave the said Hettie, when she was only five day's old, into her possession and keeping, to be by her reared and educated; that she accepted the charge, and has since discharged the duty, for six years, the petitioner often expressing himself satisfied therewith, and saying that he would never take her away; that the petitioner has not paid, or offered to pay, anything for or toward her keeping, but has at all times been permitted to visit her, which privilege she promises to allow in the future if the child shall be allowed to remain in her custody; that the petitioner has not pursued such a course as to win or retain the affections of the child, and is not, under the circumstances, a proper person to have the care and custody of the child; that his present wife is not suitable, on account of ill-temper and improper treatment, to have the control of the child; that she is the grand-mother of said child, that she loves it, and it has formed a strong attachment for her and wishes to remain with her; that she has no knowledge now of the whereabouts of said child, and cannot produce her body in court according to the command of this writ; and for this reason could not make return to the writ at the time mentioned therein. And she further stated, that she had not concealed or disposed of said Hettie, or placed her out of her custody and control to avoid said writ, or to prevent the petitioner from asserting any right which he may have to the possession of said Hettie; that about the first of January, 1870, the petititioner brought her to respondent's home, in said county, and left her there; that she remained there with consent of the petitioner, and by her own volition, until about the first of March, 1871, and during that time went to school, being boarded, clothed, etc., by respondent, without expense to petitioner; that about the last of February or the first of March, 1871, respondent's daughter, with whom said Hettie had been raised, and to whom she was much attached, started on a visit to her friends and relations living in Ohio, Pennsylvania, New York,

and New Jersey, and desired the said Hettie to go with her, and said Hettie was very anxious to accompany her aunt; respondent's said daughter took said Hettie with her to make said visit, expecting to be gone several months, and then return to respondent's home in said county; that she did not cause said Hettie to go on said visit, nor did she try to prevent her from going, or refuse her consent, for the reason that she believed it would be beneficial to her health, and that she would be perfectly safe and well taken care of by her said aunt; that the absence of the said child was not caused by her to evade the said writ, and she had no reason to suppose the petitioner would object to her going, for the reason that on a former occasion she had gone with respondent by his consent; that since the writ was served on her, she had written to several places and sent dispatches, requesting her daughter and said Hettie to return; that she had received no word from them since they left home, nor any answer from persons to whom she had written and sent dispatches; that she is now seventy years of age and too infirm to go in search of said Hettie, without endangering her health. She submits that, under the facts, she should not be required to go or to incur the expense of sending for said Hettie, even if she knew where she was and had the power to bring her; that she has good reason to expect that said Hettie will return before the next term of this court, and that she will, if so ordered by the court, bring the said Hettie before the court, and submit her defence at the next term, and abide the order of the court. This return was verified by the oath of the respondent.

Davis excepted to the return, for the following reasons: first, because it was no answer to the writ; second, because it shows no sufficient excuse for not producing the said Hettie in court; third, because the said return does not show facts sufficient to constitute an answer to said writ.

The court, upon the hearing of the exceptions, made this order: "And the same being duly considered, the court order that said defendant, as soon as Hettie A. Davis

Speer *v.* Davis.

returns to her residence or custody, or as soon as she has knowledge of the locality of said Hettie A. Davis, she do notify Benjamin F. Claypool, at Connersville, Indiana, thereof; and that within three days after such return to her residence or custody she shall have the said Hettie before the judge of this court at Brookville, Indiana; and also, that she shall have the body of said Hettie before the judge of this court, at the court-house in Brookville, Indiana, on the 20th day of April, 1871, at 9 o'clock of said day," etc.

The respondent excepted to this order, filed her bill of exceptions, and,, without any further proceeding in the case, appealed to this court. It is assigned as error:

First. The return of the appellant to the writ of *habeas corpus* was sufficient excuse for not producing the body of the said Hettie A. Davis before the court; and the court erred in not overruling the appellee's exceptions thereto, and in not discharging the appellant.

Second. The court erred in making the interlocutory order as well as the order in the nature of a final or positive order, requiring the appellant to produce the body of the said Hettie A. Davis before said court on the 20th of April, when the facts stated in the appellant's return, and not denied, show that it is impossible for her to comply with said order.

Third. The court erred in not discharging the appellant unconditionally from the writ of *habeas corpus*, upon the facts stated in the return to said writ, which facts were not denied by appellee, but admitted to be true on the submission of the cause.

Fourth. The court erred in refusing the appellant's motion for an appeal to the Supreme Court from the order of the court below, and in refusing to allow bond to be filed, and in refusing to fix the amount of bond and approving the same.

We are met at the threshold with the question, whether an appeal to this court can be taken from the order made in this case. Counsel for the appellee insists that the appeal cannot be taken; that the order was not final, and that an

Speer *v.* Davis.

appeal from a merely interlocutory order cannot be taken. But it is provided by statute (2 G. & H. 277, sec. 576), that "appeals to the Supreme Court may be taken from an interlocutory order of any court of common pleas, or circuit court, or judge thereof, in the following cases: &ast;  &ast;  &ast; Fourth. Orders and judgments upon writs of *habeas corpus,* made in term or vacation." This statute, in express terms, authorizes appeals from interlocutory orders or judgments upon writs of *habeas corpus.* We cannot confine the right to appeal, in such cases, to final orders and judgments, without wholly disregarding the language of the statute; and must, therefore, hold that the appeal in this case is properly taken.

Upon the question as to the correctness of the order made, we are of the opinion that the court committed an error. The facts stated in the return, uncontroverted as they were, showed sufficient reasons why the child was not produced before the court. The return stated that the petitioner had left the child in the custody of the respondent; and, before the respondent could be placed in the wrong and subjected to legal proceedings by him on account of the custody of the child, it should have been made to appear that he had demanded the custody of the child, and that the respondent, having the power to do so, had refused to restore the child to him. The court should not have made a peremptory order that the appellant have the body of the child in court on the 20th of April, 1871. If it was found to be true that the father of the child placed it in the custody of the respondent, and that he had not demanded the custody of it before it went to Ohio with its aunt, and before the issuing of the writ of *habeas corpus,* the proceeding should have been decided in favor of the respondent. If the matter stated in the return was not controverted, it should have been regarded as true; and if it was not true, it might have been denied, and an issue of fact formed and tried. 2 G. & H. 318, sec. 723.

The judgment, or order, of the court is reversed, with

costs; and the cause is remanded, with instructions to overrule the exceptions to the return, and for further proceedings.

*C. N. Cory, W. Morrow*, and *N. Trusler* for appellant.

*B. F. Claypool*, for appellee.