## IN THE MATTER OF THE APPLICATION OF RITSU KOTANI SUNADA FOR A WRIT OF HABEAS CORPUS.

### No. 1938.

SUBMITTED MARCH 3, 1930.     DECIDED MARCH 12, 1930.

### PERRY, C. J., BANKS AND PARSONS, JJ.

### OPINION OF THE COURT BY BANKS, J.

This is a *habeas corpus* proceeding brought by a mother to obtain the custody of her child that was born out of wedlock. After hearing the evidence the circuit judge entered a judgment dismissing the writ. The petitioner brings the case here on appeal.

The child was born on August 25, 1927. Shortly after its birth it was given into the custody of its father, who acknowledged his paternity, but was thereafter, in conformity with the mother's wishes and at the instance and through the intervention of a probation officer, returned to the mother. About a week later the child was handed over by the mother to the respondent in this case (a stranger in blood) upon his promise that he would bring it at certain times to visit her and upon his further prom-

ise to legally adopt it. He neither took the child to see its mother nor did he institute any legal proceedings for its adoption. The consent of the mother for the respondent to have the custody of the child and her consent for him to adopt it were not in writing but merely oral. There is no question that the mother is an entirely suitable person to have the child's custody and that she is in a position to give it the care and attention that it requires.

It is the contention of the respondent that the child being illegitimate and the mother having given her consent for the respondent to have its custody she cannot revoke that consent and by *habeas corpus* recover its custody. We cannot agree with this contention. Until a child has been legally adopted in accordance with the provisions of section 3034, R. L. 1925, the parent who is its natural guardian and who is responsible for its maintenance and support (in this case the mother) is not precluded by the mere surrender of its custody to a stranger from thereafter asserting her parental rights. Section 3042, R. L. 1925, referring to the duty of the mother of bastard children to support such children, provides that "the female parent shall be compellable to maintain and support them during minority." It would be an absurdity to say that a mother, upon whom this obligation is imposed and by whom it must be discharged, does not have the correlative right to the child's custody. It is not until after adoption that this obligation and this right disappear. "The right of a mother to revoke an agreement transferring the custody of her illegitimate child to a stranger is recognized by the weight of authority, though there is good authority that no such right exists." (3 R. C. L. 745.) "The mother of an illegitimate child is entitled to its custody unless legally deprived thereof." (Scott and Roe, Habeas Corpus, 182.) See also *Copeland* v. *The State,* 60 Ind. 394.

It is also contended by the respondent that the petitioner cannot prevail in this proceeding because she failed to prove that before instituting it she had demanded the return of the child. The circuit judge accepted this view of the law and dismissed the writ solely on this ground. We think this was error. The filing of the petition and the issuance and service of the alternative writ were sufficient demand and no preceding demand was necessary. A child is in no sense a chattel and a proceeding involving its custody has no resemblance to a civil action for the recovery of chattels. It is true that 29 Corpus Juris, section 105, page 111, contains the following text: "Where the petitioner placed the infant in the custody of the respondent, in order to obtain a writ of habeas corpus, he must show that he has demanded the custody of the infant and that the respondent, having the power to do so, has refused to restore the infant to him." Only one case (*Speer* v. *Davis,* 38 Ind. 271) is cited in support of this text. We have examined this case and find it entirely unconvincing.

Moreover, the respondent does not resist the petitioner's right to the relief which she seeks solely on the ground that no demand had been made for the delivery of the child but, as we have already observed, he also contends that the petitioner had lost her right to its custody by her oral agreement that the child's custody should be in him. Under these circumstances the inference is that if the demand had been made it would not have been complied with.

The judgment appealed from is reversed and the case is remanded with instructions to enter an appropriate order awarding the child, Clarence Shoso Sunada, to the custody of its mother, the petitioner herein.

*R. K. Murakami* for petitioner.

*E. J. Botts* for respondent.