PETER WADE WILLMOTT, Plaintiff-Appellant, *v.* KATHRYN ANNE SCOTT DECKER, Defendant-Appellee

IN THE MATTER OF THE ADOPTION OF A MALE CHILD, BORN AUGUST 23, 1971

NO. 5809

SEPTEMBER 29, 1975

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY MENOR, J.

This is an appeal from the judgment of the family court, dismissing the appellant's complaint for a determination of his visitation rights, and from the decree of adoption granted over the appellant's opposition.

The appellant is the natural father of a child born out of wedlock on August 23, 1971. He and the child's mother had lived together and held themselves out as husband and wife for several years prior to the birth of the child. They were never legally married. They continued living together as such for at least another year after the child was born. Thereafter, the mother left with the child to live with one Roger Decker whom she subsequently married. Following the separation, the appellant was allowed by the mother to visit with the child, which he did on occasion. When further visitation privileges were refused, however, he filed his complaint. Mr. Decker meanwhile had initiated adoption proceedings. Both actions were heard on a consolidated basis on October 2, 1974. The family court dismissed the appellant's complaint for lack of jurisdiction and for lack of remedy under Hawaii law, and granted the stepfather's petition for adoption.

In dismissing the plaintiff's complaint for lack of jurisdiction, and in holding that the plaintiff had no remedy under Hawaii law, the family court was in error. Doubtless the family court was influenced by the long-held view that the natural father of an illegitimate child has no parental rights in and to the child. *In re Mary Doe II*, 52 Haw. 448, 478 P.2d 844 (1970). The United States Supreme Court in *Stanley v. Illinois*, 405 U.S. 645 (1972), however, has made it clear that this concept is inconsistent with constitutional due process and constitutes a denial of the equal protection of the laws.

The appellant was entitled to be heard on his complaint for a determination of his custodial and visitation rights. *Forestiere v. Doyle*, 30 Conn. Sup. 284, 310 A.2d 607 (1973); *Slawek v. Stroh*, 62 Wis.2d 295, 215 N.W.2d 9 (1974). Whether by virtue of HRS § 571-11(3), or pursuant to its inherent powers under HRS Chapter 571, the family court

was the proper forum to which the appellant could address his complaint.

The essential question, of course, is whether the family court properly granted the petition for adoption, because the decree, if upheld, would have the effect of terminating all of appellant's parental rights, including those relating to custody and visitation. HRS § 578-16; *Spencer v. Franks,* 173 Md. 73, 195 A. 306 (1937); *Cf. In re Sunada,* 31 Haw. 328 (1930).

Due notice was given to the appellant of the hearing on the petition for adoption, and he was afforded the opportunity to be heard in opposition. It is clear from the record, however, that the proceedings were conducted on the theory that the appellant, as the putative father of an illegitimate child, had no parental rights in and to his offspring. In this the family court was in error. *Stanley v. Illinois, supra.*

It may well be that the family court, even had it recognized the inherent parental rights of the appellant, might still have found it to be in the child's best interests to grant the petition for adoption. *Cf. Rothstein v. Lutheran Social Services of Wisconsin and Upper Michigan,* 405 U.S. 1051 (1972). But it is one thing for the court to pass upon a petition for adoption where no parental rights are involved. It is quite another where the best interests of the child are so closely intertwined with the constitutionally recognized interests of his natural father. This mutuality of interest is the product of a flesh and blood relationship, the severance of which requires a court's most careful consideration. For the non-consenting parent, the decree has the effect of terminating his parental rights. For father and child, the decree severs for all time the legal relationship between a natural parent and his offspring. HRS § 578-16; *Spencer v. Franks, supra.*

The question of whether the appellant's legal parental rights should be terminated under the circumstances, and the effect this would have upon the best interests of the child, were never adequately considered by the family court, proceeding as it did on the erroneous theory that the putative father of an illegitimate child has no parental rights in and to his child. Accordingly, we vacate the decree of adoption and

remand for a redetermination of the matter under existing law.[1] Whether the appellant's complaint for a determination of his visitation rights is to be heard by the family court will depend upon the final disposition of the petition for adoption.

*H. Victor Conde* for plaintiff-appellant.

*Ronald Allan Harms (E. Courtney Kahr* on the brief, *Harms & Kahr* of counsel) for defendant-appellee.

---

[1] Hawaii's adoption laws having been amended by Act 117 of the Session Laws of Hawaii 1975, since the decree of adoption was issued by the family court, and no vested rights having accrued, the family court shall consider the matter in the light of the change in the law. Watts v. Seward School Bd., 381 U.S. 126, 85 S. Ct. 1321, 14 L.Ed.2d 261 (1965); Marshall v. Richardson, 240 S. C. 318, 125 S.E.2d 639 (1962).