**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000525
16-MAY-2023
07:54 AM
Dkt. 37 SO**

NO. CAAP-22-0000525

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF JA

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-S NO. 16-0029)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Respondent-Appellant Father (**Father**), self-represented, appeals from an order denying his motion for post-decree relief (**Denial Order**) filed in the Family Court of the Third Circuit (**Family Court**) on August 8, 2022.[1]

On appeal, Father raises a single point of error:  the Family Court erred by denying his motion for post-decree relief (**Motion**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's point of error as follows, and affirm.

**I.**

On April 7, 2016, Petitioner-Appellee Department of Human Services (**DHS**) filed a petition for temporary foster custody of Father's daughter, JA (**Petition**), which initiated the underlying case, FC-S No. 16-0029.

---

[1]  The Honorable Jeffrey W. Ng presided.

On March 29, 2018, the Family Court entered an order that, among other things, awarded permanent custody of JA to DHS and terminated Father's parental rights (**TPR Order**).  On May 23, 2018, the Family Court entered an order revoking permanent custody and terminating jurisdiction in the underlying case because JA had been adopted.

On August 4, 2022, Father filed his Motion seeking communication with JA.  On August 8, 2022, the Family Court entered the Denial Order on the basis that the order terminating the case had been entered on May 23, 2018, and thus, the court no longer had jurisdiction in the matter.

**II.**

"Whether a court possesses subject matter jurisdiction is a question of law reviewable de novo."  Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 4–5, 193 P.3d 839, 842–43 (2008).

**III.**

Father asserts the Family Court erred in issuing the Denial Order because he has a right to communicate with JA based on: (1) DHS's service plan, (2) DHS's permanent plan, and (3) Hawaii Revised Statutes (**HRS**) § 571-46 (2018).  Father's arguments lack merit.[2]

First, the TPR Order terminated any existing service plan and cleared the path for JA's adoption.  HRS § 587A-33(b)(2) (2018); HRS § 578-2(c)(1)(K) (2018) (providing that an adoption may occur without the consent of a parent "whose parental and custodial duties and rights have been divested by an award of permanent custody pursuant to section 587A-33").

Second, JA's adoption fulfilled DHS's permanent plan and extinguished any residual visitation interest retained by Father.  HRS § 587A-32 (2018) (describing the goal of a permanent

___

[2]  In his reply brief, Father expressly acknowledges that he is not challenging the termination of his parental rights.  As DHS asserts, this court would not have appellate jurisdiction to review a challenge to the TPR Order, because it was issued on March 29, 2018, and this appeal would be untimely as to that order.

plan as "adoption, legal guardianship, or permanent custody");
HRS § 578-16 (2018) (effect of adoption includes severing legal
relationship between child and former parent upon adoption, and
providing that child and adoptive parent(s) "shall sustain
towards each other the legal relationship of parents and child
and shall have all the rights and be subject to all the duties of
that relationship"); see also In re Doe, 109 Hawaiʻi 399, 410,
126 P.3d 1086, 1097 (2006) (providing that a parent's post-
termination residual interest in visitation with their children
"terminate[s] on the condition the children are adopted or reach
the age of eighteen");  see also Willmott v. Decker, 56 Haw. 462,
464, 541 P.2d 13, 15 (1975) (providing that a decree of adoption
terminates natural parent's rights, including those related to
custody and visitation).

Third, HRS § 571-46 pertains to custody of a child,
which is not in dispute here given the TPR Order and JA's
adoption, both of which are not challenged by Father.[3]  Willmott,
56 Haw. at 464, 541 P.2d at 15; HRS § 578-16.  In the
circumstances of this case, where Father's parental rights have
been terminated, HRS § 571-46 does not apply.

Thus, the Family Court appropriately determined that it
lacked jurisdiction with respect to Father's motion for post-
decree relief.  HRS § 587A-4 (2018) (defining family, in relevant

---

[3]  HRS § 571-46 provides, in relevant part:

> (a) In actions for divorce, separation, annulment, separate
> maintenance, or any other proceeding where there is at issue
> a dispute as to the custody of a minor child, the court,
> during the pendency of the action, at the final hearing, or
> any time during the minority of the child, may make an order
> for the custody of the minor child as may seem necessary or
> proper.  In awarding the custody, the court shall be guided
> by the following standards, considerations, and procedures:
>
> . . .
>
> (7) Reasonable visitation rights shall be awarded to
> parents, grandparents, siblings, and any person
> interested in the welfare of the child in the
> discretion of the court, unless it is shown that
> rights of visitation are detrimental to the best
> interests of the child .

(Emphasis added.)

3

part, as the legal parent of a child);  HRS § 578-16(b) ("The former legal parent or parents of an adopted individual and any other former legal kindred shall not be considered to be related to the individual . . . .").

**IV.**

For the reasons discussed above, we affirm the order denying Father's motion for post-decree relief, filed in the Family Court of the Third Circuit on August 8, 2022.

DATED:  Honolulu, Hawaiʻi, May 16, 2023.

On the briefs:

Father,
Self-represented Respondent-
Appellant

Jared K. Auna,
Julio C. Herrera,
Patrick A. Pascual,
Deputy Attorneys General,
for Petitioner-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge